Colcock, J.
delivered the opinion oftfye court.
We concur in the decree of the Chancellor, and should nót have thought it necessary to add any thing to the elaborate view, which he has presented of the doctrines involved, but for the earnestness with which the position maintained in the decree, that an account for mesne profits is allowed by Courts of Equity, in suits for dower, on distinct principles, and independently of the statute of Merton, has been controverted. This doctrine, it is insisted, is unsupported by principle or authority, and is directly contrary to the decision in Heyward v. Cuthbert: but we are of a different opinion, and I think it will not be difficult to shew, that the decree is as correct, on principle, in the particular objected to, as it is conceded to be upon all the other points involved in it.
I am very much inclined to think that the question is nothingmore after all, than a dispute about words. At this day “ damages” for the detention of real property, are usually understood to' comprehend mesne profits, and, indeed, they are generally regarded as convertible terms : but there is a distinction between them, which seems always to have been admitted, and which is even yet recognized in the action of ejectment; in which, although the plaintiff is entitled to recover damages, yet it is only for the injury sustained by the ejectment, which, being fictitious, the damages are merely nominal: and for the recovery of mesne profits, another ■ action is necessary. *72 ^ statute of Merton then gave the widow any thing, to which she was not before entitled, with the exception of a new remedy, seems to have been a right to damages as distinguished from mesne profits, which latter are the fruits of her title to the land, and to which she must be as much intitled, as to the land itself. And it strikes me that the whole difficulty has arisen from confounding damages, and mesne profits; which has led to the opinion, that because the statute gave the former, the widow can have no right to the latter, except by the provisions of the statute. Why is not a widow, who is kept out of possession of the land, which ought to have been assigned to her'for her dower, as much entitled to the mesne profits, on principles of equity, as any other proprietor who has been wrongfully deprived of his possession] The difficulty that laid in the way of her recovery of mesne profits at common law, was not peculiar to her, but was common to all persons, whatever their title, who were compelled to recover possession by action. The defect was not in die right, but in the remedy. Laud could only be recovéred by a real action, and in such actions nothing could be recovered but seizin, or possession. It was an improvement upon the old law, which was only gradually, and partially, engrafted upon it, to permit, in some Cases, the recovery of damages, and mesne profits, together with the possession, in the same action. For instance, the statute of Merton for the first time enabled the widow to recover ’damages, as well as the possession; but it extends only to the writ of dower wide nihil hdbet, and not to the writ of right of dower. The reason given for this discrimination is curious, and is worthy of remark. Damages are allowed in the former action, it is said, “ because they are intended to be given for the detention. of the possession : and on writs of right, where the right itself is questionable, no damages are given, because no wrong done till the right be determined.” Jacob’s Law Die. Dower, 5. But although no damages can be given for the detention, yet surely when the right is determined, the mesne profits, which are the fruits of the right, and not damages for the detention, must accompany the right, although they cannot be recovered in the same proceeding by which the right is determined.
Under the statute of Merton, mesne profits may be recovered in certain cases, under the title of damages ; but yet damages for the *73 detention, and the mesne profits, are always assessed separately, as appears by all the authorities. In the case of Harvey v. Harvey, Sir Thos. Raym. 366, the distinction between them is not only recognized, but made the ground of the judgment of the Court. In that case the tenant pleaded, that after marriage the husband settled other lands upon the demandant for her life, for her jointure, and that she, after his death, agreed thereto, and entered accordingly. The demandant replied, that it was a voluntary settlement of her husband, and traversed that it was not for her jointure ; and issue was joined thereupon. At the nisi prius the tenant made default, and a petty cape was awarded and returned, and judgment that the demandant have seizin; and the demandant suggested, that her husband died seized, and prayed a writ to inquire of the damages. The sheriff returned that he had delivered seizin of the lands particularly : and also an inquisition, finding that the lands were worth ¿6114, 11s. per annum, and that the husband had been dead six years and three quarters; and that the demandant had sustained damages occasione detentionis dotis ultra valorem proedictam, et ultra misas et custagia sua, ¿6195, et pro misis et custagiis, 20s. And upon this the demandant, gratis, released the ¿6195, and demanded judgment only for the 20s. And judgment was given, that the demandant recover tarn valorem tertice partis prcedictce, from the death of her husband, which comes to ¿6257, and the 20s. and ¿611, de incremento, in all ¿6267 ; and the tenant brought a writ of error, and assigned several things for error, which, upon diminution alleged, were made good: and there being a variance between the inquisition and writ of seizin, the writ of seizin and execution were held erroneous, and thereupon a writ of inquiry, and the value of the land found; and it was alleged, that there ought to be no writ of inquiry,, because the damages were released by the demandant. But upon consideration had of the record, the whole Court resolved, that the release was only of the damages sustained occasione detentionis dotis, and not of the mesne profits of the land, for they are two distinct things, as appeared by the precedents. Co. Litt. 32 b. Belfield v. Rous. So, too, Lord Coke, in the place referred to, and in several others, continually distinguishes between the “mean values,” and “damages.” Co. Litt. 32 b, 33 a. Now this distinction so constantly observed, and the practical conclusion drawn from it in Harvey v. Harvey, are to *74 my mind conclusive, that as far as mesne profits are concerned, the statute of Merton has never been regarded as giving a new right, but a new remedy only.
It seems obvious, therefore,, that the practice of the Court of Chancery is founded on this- distinction; for I can- perceive no other ground on which the jurisdiction, as it has been exercised, can be maintained, consistently, with principle-. That Court has never restricted the account for rents and profits; to cases within the statute-' of Merton; and its jurisdiction, therefore, cannot be- supported on that statute : but stands, and can stand, only on its acknowledged competency to afford a remedy, where, the law gives aright, but no-remedy, or an imperfect one. The case of Heyward v. Cuthbert does not controvert this conclusion. That was a proceeding at law, and the decision went no further than that damages could not be recovered, eo nomine, in that proceeding: and for the reason that the-statute of Merton was not of force here. I am- not sure, indeed, that if the statute were of force, it could have applied to that proceeding. But of one thing I am sure, that there is nothing in that case, which conflicts with the decree in this.
We are, therefore, of opinion, that the decree is right; and that the appeal must be dismissed.

Decree affirmed*